**EXHIBIT 3**

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 13-02449-BRO (JCx) | Date | September 6, 2013 |
|---|---|---|---|
| Title | Trena Steward, et al. v. Kanye West, et al. | | |

Present: The Honorable  **BEVERLY REID O'CONNELL, United States District Judge**

| Renee A. Fisher | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

Not Present                                               Not Present

**Proceedings:**     (IN CHAMBERS)

ORDER RE MOTION TO DISMISS

Plaintiffs Trena Steward, Lorenzo Pryor, and Karla Ray (collectively "Plaintiffs") brought the instant action against Kanye West ("West"); UMG Recordings, Inc. ("UMG"); Roc-A-Fella Records, LLC ("Roc-A-Fella"); The Island Def Jam Music Group ("Island"); Bad Boy Records ("Bad Boy"); Caroline Distribution ("Caroline"); Sample Clearance, Ltd ("Sample"); Stones Throw Records ("Stones Throw"); Bomb Hip Hop Records ("Bomb"); Autumn Games, LLC ("Autumn"); Activision Blizzard, Inc. ("Activision"); Electronic Arts, Inc. ("EA"); and Vivendi SA ("Vivendi") (collectively "Defendants"). Plaintiffs assert three causes of action: 1) copyright infringement; 2) contributory infringement; 3) violation of Racketeer Influenced and Corrupt Organizations Act [18 U.S.C. § 1961 *et seq.*] ("RICO").

Before the court is a Motion to Dismiss filed by Defendants Roc-A-Fella, Island, and UMG, and which has been joined by Defendants EA, Vivendi, and Caroline. (Dkt. 18, 20, 30, 31.) Also before the court is Defendant Activision's Motion to Dismiss. (Dkt. 19.) Because moving Defendants' legal grounds for dismissal under Rule 12(b)(6) are similar, the court consolidates their individual Motions to Dismiss and addresses their arguments collectively. For the following reasons, the Court **GRANTS** the respective Motions to Dismiss.

## I. STATEMENT OF FACTS AND PROCEDURAL HISTORY

Plaintiffs are the heirs of musician, composer, and recording artist David Pryor ("Pryor") of the music group "Thunder & Lightning". (FAC ¶¶ 4, 14.) In 1973, Pryor wrote and recorded a musical composition entitled "Bumpin' Bus Stop" ("Plaintiffs'

Case 2:13-cv-02449-BRO-JC Document 48 Filed 09/06/13 Page 2 of 11 Page ID #:498

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 13-02449-BRO (JCx) | Date | September 6, 2013 |
|---|---|---|---|
| Title | Trena Steward, et al. v. Kanye West, et al. | | |

Song.") (*Id.* ¶ 15.) The song features lyrics including "Get Down," "Step Up," "It's the Hottest Thing," and "Step Up Front." (*Id.*) Plaintiffs' Song was subsequently federally registered. (*Id.*)

On January 7, 2004, Pryor was admitted to a nursing facility, where he suffered from several incapacitating diseases such as cerebrovascular disease, prostate cancer, Parkinson's disease, dementia, diabetes, and epilepsy. (*Id.* ¶ 16.) These diseases rendered Pryor mentally disabled, and unable to discover any infringement of his copyright. (*Id.*) Pryor eventually succumbed to his illnesses and passed away on May 14, 2006. (*Id.*) After a probate proceeding, the rights to Plaintiffs' Song were assigned to Plaintiffs. (*Id.* ¶ 18.)

Pursuant to the judgment in the probate proceeding, Plaintiffs Trena Steward, Lorenzo Pryor, and Karla Ray, respectively hold a 23.23%, 23.44%, and 24.44% ownership interest in Plaintiffs' Song. (*Id.* ¶¶ 4–6, 17.)[1] Plaintiffs allege that Defendants have infringed the copyright of Plaintiff's Song by illegally sampling both the lyrical verses and Pryor's actual vocal performance of Plaintiffs' Song. (*Id.* ¶ 23.)

On April 5, 2013, Plaintiffs filed their original Complaint. (Dkt. 1.) Plaintiffs filed a FAC on April 24, 2013. (Dkt. 6.) Presently before the court are two Motions to Dismiss representing seven of the thirteen named Defendants. (Dkt. 18–20, 30, 31.)

## II. LEGAL STANDARD

A complaint may be dismissed for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). "[A]

---

[1] Plaintiffs collectively hold a 70.11% interest in the copyright for Bumpin' Bus Stop. The remaining 29.89% interest was assigned to Sheila Hines and Margaret Pryor in a Missouri probate proceeding. (*See* FAC ¶ 17.)

Case 2:13-cv-02449-BRO-JC  Document 48  Filed 09/06/13  Page 3 of 11  Page ID #:499

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 13-02449-BRO (JCx) | Date | September 6, 2013 |
|---|---|---|---|
| Title | Trena Steward, et al. v. Kanye West, et al. | | |

plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusion, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal quotation marks and ellipsis omitted).

To determine whether a complaint states a claim sufficient to withstand dismissal, a court considers the contents of the complaint and its attached exhibits, documents incorporated into the complaint by reference, and matters properly subject to judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-34 (2007); *Lee b. City of Los Angeles*, 250 F.3d 668, 668 (9th Cir. 2001). The court must accept as true all factual allegations contained in the complaint. That principle, however, "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted).

## III. DISCUSSION

Plaintiffs assert three causes of action: (1) copyright infringement; (2) contributory infringement; (3) RICO.[2] Defendants contend that Plaintiffs have failed to state a plausible claim for any of the three causes of action.

---

[2] UMG argues the additional failure to join indispensable parties. To the extent that UMG believes dismissal is proper on the grounds of failure to join these indispensable parties, that topic is more properly the subject of a Rule 12(b)(7) motion. *See* Fed. R. Civ. P. 12(b).

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 13-02449-BRO (JCx) | Date | September 6, 2013 |
|---|---|---|---|
| Title | Trena Steward, et al. v. Kanye West, et al. | | |

A. Copyright Infringement

Plaintiffs' first cause of action alleges copyright infringement against all Defendants. Exhibit 1 to the FAC provides a non-exhaustive list of fifty-six[3] works that allegedly infringe Plaintiffs' Song. (FAC ¶ 24; see FAC Ex. 1.) Each of the works listed in Exhibit 1 allegedly "contain unauthorized samples of Plaintiffs' Song and most, if not all, include the actual vocal performance of David Pryor." (FAC ¶ 24.)

In order to state a claim for copyright infringement, Plaintiffs must allege both the "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

Here, Defendants argue that Plaintiffs' copyright infringement claim must be dismissed based on two theories: (1) for undifferentiated group pleading which fails to put Defendants on notice of their alleged wrongdoing, and (2) because no copyright can attach to the short phrases "Get Down," "Step Up," "It's the Hottest Thing," or "Step Up Front."[4]

1. *Undifferentiated Group Pleading*

Federal Rule of Civil Procedure 8(a)(2) requires that plaintiffs allege the basis of their claim as to each defendant. *Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988). Courts in the Ninth Circuit have routinely held that "undifferentiated pleading against multiple defendants is improper." *See e.g., Lyshorn v. J.P. Morgan Chase Bank, N.A.*, 2013 U.S. Dist. LEXIS 29099, *7 (N.D. Cal. Mar. 4, 2013); *Aaron v.*

---

[3] The parties assert that there are 57 works listed in Exhibit 1. The Court calculates only 56. This confusion further underscores the FAC's pleading failures under Rule 8, as both Plaintiffs and Defendants have incorrectly counted the number of infringing works.

[4] Activision's Motion to Dismiss also asserts that the FAC should be dismissed because Exhibit 1 amounts to a violation of Rule 10(b). Rule 10 provides that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Given its ruling, the Court need not address Activision's argument at this point. Plaintiffs, in their Second Amended Complaint, however, must comply with Rule 10.

Case 2:13-cv-02449-BRO-JC Document 48 Filed 09/06/13 Page 5 of 11 Page ID #:501

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 13-02449-BRO (JCx) | Date | September 6, 2013 |
|---|---|---|---|
| Title | Trena Steward, et al. v. Kanye West, et al. | | |

*Aguirre*, 2007 U.S. Dist. LEXIS 16667, *74, n.6 (S.D. Cal. Mar. 8, 2007); *In re Sagent Tech., Inc.*, 278 F. Supp. 2d 1079, 1094 (N.D. Cal. 2003).

Here, Plaintiffs have brought suit against thirteen Defendants and alleged that fifty-six works infringe Plaintiffs' copyright. (FAC Ex. 1.) The allegedly infringing works include music, television, film, and video games. (*Id.*) Defendants include a recording artist, a copyright clearance agent, a multinational mass media company, multiple record labels, and three video game publishers. (*Id.* ¶¶ 7–12.) Neither the text of the FAC nor the table contained in Exhibit 1 explain exactly which of the fifty-six allegedly infringing works is attributable to exactly which Defendant or Defendants. Further, to the extent that Exhibit 1 serves to provide examples of each Defendant's infringement, several Defendants names do not appear anywhere on the exhibit.

Essentially, Plaintiffs' claims stem from the copyright infringement of either the lyrics of Plaintiffs' Song or a recording of Pryor's actual performance of his work. However, Plaintiffs allege that "most, if not all" of the infringing works contained in Exhibit 1 "include the actual vocal performance of David Pryor." (FAC ¶ 24.). This leaves individual Defendants to speculate whether they are being accused of including Pryor's actual vocal performance. Under Rule 8(a)(2), Defendants cannot prepare a defense to such unspecific allegations.

The allegations contained between the FAC and Exhibit 1 are insufficient to put Defendants on notice of which works or to what extent they have been accused of infringing Plaintiffs' copyright. Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss as to the first cause of action. The Court recommends Plaintiffs delineate exactly which Defendant is associated with each allegedly infringing work, and in which ways the work infringes Plaintiffs' Song.

2. *Short Phrase Doctrine*

Defendants also argue that the short phrase doctrine precludes Plaintiffs from enforcing a copyright right in the phrases "Get Down," "Step Up," "It's the Hottest Thing," or "Step Up Front."

Case 2:13-cv-02449-BRO-JC   Document 48   Filed 09/06/13   Page 6 of 11   Page ID #:502

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 13-02449-BRO (JCx) | Date | September 6, 2013 |
|---|---|---|---|
| Title | Trena Steward, et al. v. Kanye West, et al. | | |

The rules of the Copyright Office specify that words and short phrases such as names, titles, and slogans are not subject to copyright. 37 C.F.R. § 202.1(a). However, notwithstanding this general admonition, even a short phrase may command copyright protection if it exhibits sufficient creativity. 1 M. Nimmer & D. Nimmer, *Nimmer on Copyright* § 2.01[B] (2000).

Here, the Court finds that there is no originality in such words and short phrases as "Get Down," "Step Up," "It's the Hottest Thing," or "Step Up Front." *See Narell v. Freeman*, 872 F.2d 907, 911 (9th Cir. 1989) (holding phrases "conveying an idea typically expressed in a limited number of stereotyped fashions not subject to copyright protection"); *Staggs v. West*, 2009 U.S. Dist. LEXIS 72275, *7–8 (D. Md. Aug. 14, 2009) (finding no copyright protection for "hold your head up high"). Accordingly, Plaintiff may not assert copyright infringement based solely on the use of these lyrical phrases.

B.   Contributory Infringement

Plaintiffs' second cause of action alleges contributory copyright infringement against all named Defendants. Contributory infringement is either intentionally inducing or encouraging direct infringement. *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005). "Put differently, liability exists if the defendant engages in personal conduct that encourages or assists the infringement." *A&M Records v. Napster, Inc.*, 239 F.3d 1004, 1019 (9th Cir. Cal. 2001) (internal quotations omitted).

Similar to the deficient claim for direct copyright infringement, Plaintiffs' second cause of action makes undifferentiated assertions against all Defendants. Plaintiffs make the conclusory allegations that "Defendants have willfully contributed to the infringement of Plaintiffs' copyrights" and "Defendants have directly and/or indirectly facilitated the infringement and directed, caused, or granted various parties unauthorized licenses to reproduce, sample, and/or distribute the copyrighted work." (FAC ¶¶ 47, 48.) Further, Plaintiffs allege that Defendants are "aiding and abetting others in the manufacturing, distributing, offering for sale and/or selling copies of, licensing, and/or otherwise . . . contributing to the infringement of Plaintiff's Song by others." (*Id.* ¶ 29.)

Case 2:13-cv-02449-BRO-JC Document 48 Filed 09/06/13 Page 7 of 11 Page ID #:503

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 13-02449-BRO (JCx) | Date | September 6, 2013 |
|---|---|---|---|
| Title | Trena Steward, et al. v. Kanye West, et al. | | |

For the same reasons as articulated above, the allegations contained in the FAC are insufficient to put Defendants on notice of which works or in what ways they have induced others to infringe on Plaintiffs' copyright. Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss as to the second cause of action.

C. RICO[5]

Plaintiffs' third cause of action alleges RICO violations against Defendants Vivendi, UMG, West, Roc-A-Fella, Bad Boy, Island, Caroline, Stones Throw, Sample, and Bomb (collectively "RICO Defendants").[6]

Although Title 18 generally regards federal crimes and criminal procedure, the statute provides a civil remedy for "[a]ny person injured in his business . . . by reason of a violation of section 1962." 18 U.S.C. § 1964(c). Pursuant to § 1962, RICO makes it unlawful for a person "to conduct or participate, directly or indirectly, in the conduct of [an] enterprise's affairs through a pattern of racketeering activity." 18 U.S.C. § 1962(c). To amount to a pattern of racketeering activity, there must have been "at least two acts of racketeering activity" within ten years of each other. 18 U.S.C. § 1961(5). And where RICO claims are made against multiple defendants, the "plaintiff must allege at least two predicate acts by each defendant." *In re WellPoint, Inc.*, 865 F. Supp. 2d 1002, 1035 (C.D. Cal. 2011).

When interpreting RICO claims, "RICO is to be read broadly. This is the lesson not only of Congress' self-consciously expansive language and overall approach, but also of its express admonition that RICO is to 'be liberally construed to effectuate its remedial purposes." *Sedima v. Imrex Co.*, 473 U.S. 479, 497– 98 (U.S. 1985) (internal citation omitted).

---

[5] Plaintiffs' Opposition contends that they allege facts sufficient to show violations of sections 1962(a), (c) and (d). *See* Opp'n at 16, n.10. However, the FAC does not mention any 1962 sections, and Defendants' motion to dismiss focuses only on the elements of a 1962(c) violation.

[6] Defendants West, Bad Boy, Stones Throw, Sample, and Bomb have not filed a joinder to or a motion to dismiss.

Case 2:13-cv-02449-BRO-JC Document 48 Filed 09/06/13 Page 8 of 11 Page ID #:504

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 13-02449-BRO (JCx) | Date | September 6, 2013 |
|---|---|---|---|
| Title | Trena Steward, et al. v. Kanye West, et al. | | |

Here, UMG's Motion to Dismiss contends that Plaintiffs have failed to sufficiently allege both the existence of an "enterprise" and "racketeering activity."

1. *Existence of an Enterprise*

The RICO statute defines "enterprise" as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). An "association in fact" enterprise is "a group of persons associated together for a common purpose of engaging in a course of conduct." *United States v. Turkette*, 452 U.S. 576, 583 (U.S. 1981). The Supreme Court has clarified that an association in fact "must have at least three structural features: a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose." *Boyle v. United States*, 556 U.S. 938, 946 (U.S. 2009).

Here, Plaintiffs generally allege that all RICO Defendants "provide common means, sources and facilities and have otherwise knowingly engaged and conspired to engage in a common enterprise and pattern of unlawful sampling and infringement of copyrighted work." (FAC ¶ 51.) Plaintiffs specifically allege that UMG is a subsidiary of Vivendi, and that Island, Bad Boy, and Caroline are subsidiaries or subdivisions of UMG. (*Id.* ¶ 7.) Additionally, Sample is the copyright clearance agent that serves Vivendi, UMG, West, and Roc-A-Fella. (*Id.* ¶ 7.) Finally, West's "Gold Digger" was recorded and distributed by Roc-A-Fella, Island, Vivendi, and UMG. (*Id.* ¶ 25.) The Court finds that, based on the *Boyle* factors, the FAC sufficiently pleads facts to show an enterprise.

Plaintiffs allege the RICO Defendants' common purpose was to profit from a pattern of unlawful sampling of copyrighted works, the RICO Defendants have a business relationship with each other because they form a chain of subsidiaries, and that the RICO Defendants have sold millions of copies of infringing sound records over the last ten years.[7]

---

[7] Plaintiffs have alleged no facts which would show that Stones Throw and Bomb, two of the RICO defendants, are part of the enterprise. However, because these parties have not filed or joined a motion to dismiss, the Court will not rule on their involvement.

Case 2:13-cv-02449-BRO-JC Document 48 Filed 09/06/13 Page 9 of 11 Page ID #:505

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 13-02449-BRO (JCx) | Date | September 6, 2013 |
|---|---|---|---|
| Title | Trena Steward, et al. v. Kanye West, et al. | | |

However, Courts apply a distinctness requirement when analyzing violations of RICO under § 1962(c). *See e.g., Lee v. Gen. Nutrition Cos.*, 2001 U.S. Dist. LEXIS 24739, *45–48 (C.D. Cal. Nov. 21, 2001). "[T]o establish liability under § 1962(c) one must allege and prove the existence of two distinct entities: (1) a person; and (2) an enterprise that is not simply the same 'person' referred to by a different name." *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 161 (2001) (internal quotations omitted). The Ninth Circuit has not yet decided whether a parent and its subsidiaries are sufficiently distinct to establish both a person and an enterprise. *See Sussex Fin. Enters. v. Bayerische Hypo-Und Vereinsbank AG*, 2010 U.S. Dist. LEXIS 671, *13 (N.D. Cal. Jan. 6, 2010) (noting that other Circuits deciding the issue have generally found that distinctness is lacking.)

However, determining the existence of an enterprise is unnecessary because Plaintiffs fail to allege sufficient facts to demonstrate racketeering activity.

2. *Racketeering Activity*

Defendants next contend that "garden variety" copyright infringement cannot qualify as a predicate act of racketeering activity under RICO. Racketeering activity is defined as any act indictable under specified provisions of Title 18 of the United States Code, including criminal copyright infringement pursuant to 18 U.S.C. § 2319. *See* 18 U.S.C. § 1961(1).

Plaintiffs' heavily rely on *United States v. Taxe* for the proposition that re-recording a copyrighted work can amount to piracy. 380 F. Supp. 1010 (C.D. Cal. 1974), *aff'd in part and vacated in part on other grounds*, 540 F.2d 961 (9th Cir. 1976). However, *Taxe* did not address RICO charges, as it was decided twenty years prior to the enactment of the Anticounterfeiting Consumer Protection Act of 1996, Pub.L. No. 104-153, § 3, 110 Stat. 1386 ("Anticounterfeiting Act"), which added criminal copyright infringement to RICO's list of predicate acts. Accordingly, the logic of the *Taxe* Court is inapposite here.

Case 2:13-cv-02449-BRO-JC Document 48 Filed 09/06/13 Page 10 of 11 Page ID #:506

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 13-02449-BRO (JCx) | Date | September 6, 2013 |
|---|---|---|---|
| Title | Trena Steward, et al. v. Kanye West, et al. | | |

Defendants point out that "[n]owhere in the legislative history of the Anticounterfeiting Act is there any indication that Congress intended to extend RICO liability to organizations that infringed copyrights by means other than counterfeiting or piracy." *Stewart v. Wachowski*, 2005 U.S. Dist. LEXIS 46703, *11 (C.D. Cal. June 13, 2005). The *Stewart* court closely examined the legislative history of RICO, and concluded that the amendment to include § 2319 was not meant to encompass all willful infringement as a predicate act for RICO Purposes. *Id.* at *23. Rather, it was meant to increase penalties for counterfeiting and piracy. *Id.* at *14–16.

Here, unlike in *Taxe*, the alleged acts of copyright infringement are neither counterfeiting nor piracy. The FAC does not allege the wholesale reproduction and rerecording of Plaintiff's Song. Rather, the FAC alleges that Defendants have illegally sampled short phrases from portions of Pryor's Song. (FAC ¶ 52.) Following the reasoning of the *Stewart* court, this is not the type of willful infringement that was meant to serve as a predicate act under RICO.

Plaintiffs contend that the *Stewart* Court would have come to a different conclusion had it been decided after *Odom v. Microsoft Corp.*, 486 F.3d 541 (9th Cir. 2007). *Odom* makes it clear that RICO is to be read broadly in order to effectuate its remedial purpose. *Id.* at 56. However, *Odom* is not the first case to advance this position. Rather, *Odom* draws on *Sedima*, a Supreme Court case decided in 1985. Therefore, *Stewart* was decided under the same guiding principle as *Odom*.

Accordingly, because the alleged copyright infringement does not qualify as a predicate act of racketeering activity, the Court **GRANTS** Defendants' Motion to Dismiss as to the third cause of action. Because an amendment would be futile, the third cause of action is dismissed with prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss.

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 13-02449-BRO (JCx) | Date | September 6, 2013 |
|---|---|---|---|
| Title | Trena Steward, et al. v. Kanye West, et al. | | |

The Court **GRANTS** Plaintiffs leave to amend the first and second causes of action by September 25, 2013. Plaintiffs need to explicitly state (1) which Defendant is associated with each allegedly infringing work, and (2) the manner in which the work infringes Plaintiff's Song. The third cause of action is dismissed with prejudice for futility.

Additionally, Defendant Vivendi SA's Motion to Dismiss for Lack of Personal Jurisdiction, filed 7/11/2013, docket entry 29, is hereby VACATED pending the filing of any Second Amended Complaint.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | rf |