1  Michael J. Niborski (CA State Bar No. 192111)
   *mniborski@pryorcashman.com*
2  **PRYOR CASHMAN LLP**
   1801 Century Park East, 24th Floor
3  Los Angeles, California 90067-2302
   Tel: (310) 556-9608
4  Fax: (310) 556-9670

5  Ilene S. Farkas (N.Y. Bar No. 2614949) (admitted pro hac vice)
   *ifarkas@pryorcashman.com*
6  **PRYOR CASHMAN LLP**
   7 Times Square
7  New York, New York 10036-6569
   Tel: (212) 421-4100
8  Fax: (212) 798-6306

9  *Attorneys for Defendant*
   ATLANTIC RECORDING CORPORATION
10

11                **UNITED STATES DISTRICT COURT**

12                **CENTRAL DISTRICT OF CALIFORNIA**

13

14 JOHNATHON J. PUCKETT,              ) Case No. 2:16-cv-02199 SVW (AGRx)
15                                    )
                Plaintiff,            ) **REPLY MEMORANDUM OF**
16                                    ) **POINTS AND AUTHORITIES IN**
        vs.                           ) **FURTHER SUPPORT OF MOTION**
17                                    ) **TO DISMISS COMPLAINT**
                                      )
18 PETER GENE HERNANDEZ; and          )
19 ATLANTIC RECORDS,                  )
                                      ) <u>Hearing</u>
20              Defendants.           ) Date:  December 19, 2016
                                      ) Time: 1:30 p.m.
21                                    ) Courtroom: 10A
                                      )
22                                    )
                                      )
23                                    )
                                      )
24 _____   )

25

26

27

28

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...............................................................1

ARGUMENT.........................................................................................3

   I.   "CRY" AND "GRENADE" ARE NOT SUBSTANTIALLY SIMILAR ......3

   II.  PLAINTIFF ADVANCES THE WRONG TEST

       FOR DETERMINING SUBSTANTIAL SIMILARITY ..............................6

   III. PLAINTIFF'S REMAINING ARGUMENTS SHOULD BE REJECTED....8

CONCLUSION .....................................................................................9

**TABLE OF AUTHORITIES**

**CASES**                                                                                                 **PAGES**

*Althouse v. Warner Brothers Entm't.,*
   No. CV 13–00696-RGK(SSx), 2014 WL 2986939 (C.D. Cal. Apr. 28, 2014) ...........3

*Apple Computer, Inc. v. Microsoft Corp.,*
   35 F.3d 1435 (9th Cir. 1994) .................................................................................6

*Benal v. Paradigm Talent and Literary Agency,*
   788 F. Supp. 2d 1043 (C.D. Cal. 2010).................................................................4

*Berkic v. Crichton,*
   761 F.2d 1289 (9th Cir. 1985) ..............................................................................7

*Bethea v. Burnett,*
   No. CV04-7690JFWPLAX, 2005 WL 1720631 (C.D. Cal. June 28, 2005) ..............9

*Braham v. Sony/ATV Music Publ'g,*
  No. 2:15–cv–8422-MWF (GJSx), 2015 WL 7074571 (C.D. Cal. Nov. 10, 2015).......4

*Brown Bag Software v. Symantec Corp.,*
   960 F.2d 1465 (9th Cir. 1992) ..............................................................................6

*Chase-Riboud v. Dreamworks, Inc.,*
   987 F. Supp. 1222 (C.D. Cal. 1997) ....................................................................6

*Christianson v. West Publ'g. Co,*
   149 F.2d 202 (9th Cir. 1945) ...............................................................................6

*Counts v. Meriwether,*
   No. 2:14–cv–00396-SVW-CW, 2015 WL 9594469 (C.D. Cal. Dec. 30, 2015)
   (Wilson, J.)............................................................................................................4

*DuckHole Inc. v. NBC Universal Media LLC,*
   No. CV 12–10077 BRO(CWx), 2013 WL 5797279 (C.D. Cal. Sept. 6, 2013)...........7

*FASA Corp. v. Playmates Toys, Inc.,*
   912 F. Supp. 1124, 1167-70 (N.D. Ill. 1996) .....................................................7, 8

**<u>CASES</u>**                                                               **<u>PAGES</u>**

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.,*
    499 U.S. 340 (1991) .................................................................3

*Fisher-Price, Inc. v. Well-Made Toy Mfg. Corp.,*
    25 F.3d 119 (2d Cir. 1994) ......................................................7

*Funky Films, Inc. v. Time Warner Entm't Co.*
    462 F.3d 1072 (9th Cir. 2006) .................................................3

*Gold Glove Prods., LLC v. Handfield,*
    648 F. App'x 679 (9th Cir. 2016) .......................................3, 6

*Litchfield v. Spielberg,*
    736 F.2d 1352 (9th Cir. 1984) .................................................9

*Narell v. Freeman,*
    872 F.2d 907 (9th Cir. 1989) ...................................................4

*Peter Pan Fabrics, Inc. v. Martin Weiner Corp.,*
    274 F.2d 487 (2d Cir. 1960) ....................................................7

*Peters v. West,*
    692 F.3d 629 (7th Cir. 2012) ...................................................4

*Pyatt v. Raymond,*
    462 F. App'x 22 (2d Cir. 2012) ...............................................4

*Sid & Marty Krofft Television Prods., Inc. v. McDonald's Corp.,*
    562 F.2d 1157 (9th Cir. 1977) .............................................6, 7

*Steward v. West,*
    No. 2:13-cv-02449 BRO(JCx), 2013 WL 12120232 (C.D. Cal. Sept. 6, 2013)..........4

*Twentieth Century-Fox Film Corp. v. Stonesifer,*
    140 F.2d 579 (9th Cir. 1944) ...................................................7

*Walt Disney Prods. v. Filmation Assocs.,*
    628 F. Supp. 871 (C.D. Cal. 1986) ..........................................9

**CASES**                                                                                      **PAGES**

*White v. Twentieth Century Fox Corp.,*

    572 F. App'x 475 (9th Cir. 2014) ..........................................................................3, 6

*Zella v. E.W. Scripps Co.,*

    529 F. Supp. 2d 1124 (C.D. Cal. 2007)...................................................................7

**STATUTES**

17 U.S.C. § 102(b) ............................................................................................................3

**RULES AND REGULATIONS**

Fed. R. Civ. P. 12(b)(6)............................................................................................1, 9

Local Rule 7-10 .............................................................................................................1

## REPLY MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Atlantic Recording Corporation ("Atlantic Records") respectfully submits this reply memorandum of law in further support of its motion to dismiss the complaint ("Complaint" or "Compl.") filed by Plaintiff Johnathon J. Puckett ("Plaintiff" or "Puckett") in this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "Motion").[1]

## PRELIMINARY STATEMENT

Plaintiff, *pro se*, brought this suit claiming that the lyrics to a hit song released over five years ago, "Grenade," infringes Plaintiff's rights in the lyrics to his song, "Cry." Plaintiff's claim is based entirely on the songs' alleged shared (and wholly unremarkable) theme of unrequited love, and the fact that both songs contain lyrics along the lines of "I would die for you baby" and "you won't do the same" (albeit expressed differently). This is a baseless claim that should be dismissed at the pleading stage as a matter of law.

Atlantic Records' Motion sets forth ample authority where courts have examined the two works at issue on a Rule 12(b)(6) motion, and determined, as a matter of law, that no substantial similarity exists. While Plaintiff seems to concede that themes are not protectable, he also suggests that themes alone can result in a finding of substantial similarity. That is contrary to the most basic tenets of black-letter copyright law. Plaintiff does not own the theme of unrequited love, nor can he stop anyone else from expressing such a theme in any creative endeavor.

Even a cursory side by side comparison of the lyrics to these two songs reveals that, even if one were to agree that the songs share this theme, this theme is expressed

---

[1] Plaintiff suggests, incorrectly, that Local Rule 7-10 prevents Atlantic Records from filing a memorandum in response to Plaintiff's opposition papers, which Plaintiff has labeled "reply" papers. *See* Docket No. 34 at 1:27-28. Local Rule 7-10 in fact expressly allows Atlantic Records, the "moving party," to file a reply memorandum, and prevents Plaintiff, "the opposing party," from thereafter filing a response (a sur-reply) without prior written order of the Court. *See* L. R. 7-10.

1

1    entirely differently in each song.  Thus, all that remains is the appearance of the lyrics

2    "I would die for you baby" and "But you didn't do the same" in Cry, and the

3    appearance of "Yes, I would die for you, baby" and "But you won't do the same" in

4    Grenade.  No other lyrical similarities exist.

5         Plaintiff concedes, as he must, that these phrases are not original to Plaintiff.  He

6    does not address the publicly available information presented in the Motion regarding

7    the host of other songs that use these phrases, or the significant case law cited by

8    Atlantic Records that mandates the dismissal of infringement claims that are based on

9    unprotectable themes and generic, commonplace phrases such as the ones at issue

10   herein.  Plaintiff does not mention, much less address this authority in his opposition or

11   provide any authority for the notion that he can base an infringement claim on

12   unprotectable themes or simple, common phrases.

13        Rather, his memorandum of law ("Opposition" or "Opp. MML") and other

14   opposition papers focus on irrelevant points – such as the protectability of his song as a

15   whole, his theories of access and whether or not defendants will be able to show

16   independent creation – which are not at issue on this Motion.  Indeed, none of these

17   issues matter if there is no substantial similarity between these two sets of lyrics.[2]

18        No amount of discovery is going to change the lyrics of these two songs.  No

19   substantial similarity exists between the songs' lyrics, and Atlantic Records

20   respectfully submits that its Motion should be granted and the Complaint dismissed

21   with prejudice.

22

23

24

25   _____

26   [2] For purposes of this Motion only, Atlantic Records assumes the truth of the
     allegations in the Complaint.  Should Plaintiff's claim survive this motion, Atlantic

27   Records intends to vigorously dispute Plaintiff's allegations of, *inter alia,* "access",
     copying and infringement.

28

1

2 **<u>ARGUMENT</u>**

3 **I.    "CRY" AND "GRENADE" ARE NOT SUBSTANTIALLY SIMILAR**

4       As set forth in Atlantic Record's Motion, the test for substantial similarity in this

5 Circuit contains both an "extrinsic" and an "intrinsic" component.  The extrinsic

6 component compares "specific criteria which can be listed and analyzed" to determine

7 whether the works are substantially similar.  Motion at 13-14; *White v. Twentieth*

8 *Century Fox Corp.*, 572 F. App'x 475, 476 (9th Cir. 2014) (citing *Funky Films, Inc. v.*

9 *Time Warner Entm't. Co.*); *Funky Films, Inc. v. Time Warner Entm't. Co.*, 462 F.3d

10 1072, 1077 (9th Cir. 2006); *see also Gold Glove Prods., LLC v. Handfield*, 648 F.

11 App'x 679, 680 (9th Cir. 2016) (describing the extrinsic test as "an objective

12 comparison of specific expressive elements").  The intrinsic test is a subjective

13 comparison, which focuses on whether the ordinary, reasonable audience would find

14 that the defendants took something belonging to the Plaintiff and find the works

15 substantially similar in "total concept and feel."  *Gold Glove Prods., LLC*, 648 F.

16 App'x at 680.  Plaintiff can prevail on his infringement theory only by showing that

17 Grenade's lyrics copy ***protectable*** elements in Cry.  *See Feist Publ'ns, Inc. v. Rural*

18 *Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); *Funky Films, Inc.*, 462 F.3d at 1076.

19       This Court can dismiss the Complaint based on the Plaintiff's failure to satisfy

20 the extrinsic component alone.  *See White*, 572 Fed. Appx. at 476-77 ("A plaintiff must

21 satisfy both components, and therefore a lack of extrinsic similarity is fatal to a

22 plaintiff's copyright case as a matter of law.").  Here, Plaintiff fails both.

23       Plaintiff's claim is based solely on the alleged "shared theme" of unrequited love

24 and two phrases within the choruses of the two songs.  It is a basic tenet of copyright

25 law that themes are not protectable.  *See* 17 U.S.C. § 102(b); *Althouse v. Warner*

26 *Brothers Entm't.*, No. CV 13–00696-RGK (SSx), 2014 WL 2986939, at *3 (C.D. Cal.

27 Apr. 28, 2014).  Plaintiff does not – because he cannot – cite any authority to the

28 contrary.

1   As for the sole remaining alleged similarity, the two short phrases at issue,
2   Plaintiff fails to cite a single case to support the notion that such phrases can possibly
3   support a finding of substantial similarity as a matter of law.  Nor does he make any
4   effort to distinguish the considerable case law cited by Atlantic Records on its Motion.
5   Those authorities establish that copyright law will not protect short and common
6   phrases, and illustrate that courts have denied copyright protection for phrases similar
7   to the two at issue here—phrases such as "mosquitos ravished his flesh," "crawling
8   with alligators," "Wow! Look at you," "It's the Hottest Thing," "Step Up Front," "We
9   used to have so much fun," and "stay out of this."  *See, e.g., Narell v. Freeman*, 872
10  F.2d 907, 911 (9th Cir. 1989); *Counts v. Meriwether*, No. 2:14–cv–00396-SVW-CW,
11  2015 WL 9594469, at *14 (C.D. Cal. Dec. 30, 2015) (Wilson, J.); *Steward v. West*, No.
12  2:13-cv-02449 BRO (JCx), 2013 WL 12120232, at *6 (C.D. Cal. Sept. 6, 2013);[3]
13  *Benal v. Paradigm Talent and Literary Agency*, 788 F. Supp. 2d 1043, 1071-72 (C.D.
14  Cal. 2010); *see also Braham v. Sony/ATV Music Publ'g*, No. 2:15–cv–8422-MWF
15  (GJSx), 2015 WL 7074571, at *5 (C.D. Cal. Nov. 10, 2015); *Pyatt v. Raymond*, 462 F.
16  App'x 22, 24 (2d Cir. 2012); *Peters v. West*, 692 F.3d 629, 635-36 (7th Cir. 2012).
17  A side-by-side comparison of the songs' chorus lyrics under the substantial
18  similarity test illustrates these are two very different works.[4]  Indeed, apart from the
19  two phrases identified in the Complaint, these two sets of lyrics have *no other lyrics in*
20  *common*.  *See* Farkas Decl. Ex. 1 (Docket no. 29).  The chorus lyrics of each song are
21  set forth below:
22
23  [3] Plaintiff mistakenly claims that the Motion cited the wrong case number for *Steward*
    *v. West*, by referring to a decision from a *different* case, *Pryor v. Warner/Chappell*
24  *Music, Inc.*, against different defendants.  (Docket no. 37) at ¶ 4, Ex. 1.  While *Steward*
    *v. West* directly addresses the copyrightability of short lyrical phrases, *Pryor v.*
25  *Warner/Chappell Music, Inc.* deals with the copyrightability of a portion of a sound
26  recording and vocal performance, an issue that is not before the Court.
27
28  [4] Plaintiff's copyright registration is only for the lyrics of Cry; it expressly excludes
    any musical content from the registration.  Compl. Ex. A.

4

|                                    Cry                                    |                                  Grenade                                  |
| --- | --- |
| I cry for you baby, but you don't hear me,/I give you my all but you don't understand,/I would die for you baby but you don't feel me,/I gave you my heart But you didn't do the same./So now you crying, crying for me baby,/you didn't give to me give to me Lady,/So now its bye, bye baby,/you played with my heart, but now you feel my pain | What you don't understand is/I'd catch a grenade for ya/Throw my hand on a blade for ya/I'd jump in front of a train for ya/You know I'd do anything for ya/oh oh oh oh oh

I would go through all this pain/Take a bullet straight right through my brain/Yes, I would die for you, baby/But you won't do the same. |

Compl. Exs. B and C.[5]  This Court can see for itself that these song lyrics are not substantially similar.  *See* Motion at 9-17.

    Plaintiff's further attempts to find similarities where there are none fail.  *See e.g.*, Opp. MML at 2:1-3, 5:13-15, 12:16-17.  He argues, for example,

    "Thus, if the Court look at line 1 & 2 of both songs First 'Cry' (Plaintiff song) 'Said you were never gone leave my side oh baby girl how could you lie,' 'All the time we stored in love you played with my heart and misused my trust,' Now 'Grenade' (Infringing Song) 'Easy Come Easy Go, that's just how you live' 'Oh take, take, take it all but you never give,' the similarities of these First two lines would be indistinguishable to the ordinary observer."

Opp. MML at 2:7-11.  The lyrical excerpts that Plaintiff quotes are similar only with respect to the arguable shared theme of unrequited love – expressed differently in each

---

[5] Plaintiff's recitation of the lyrics to Grenade in his Affidavit contains minor inaccuracies, such as replacing the word "hand" with "head."  *Compare* (Docket no. 34) (Affidavit in Support of Reply to Motion to Dismiss Complaint) at ¶ 5 *with* Compl. Ex. C.

1  work.  In all other respects, the excerpts are entirely and readily distinguishable, as

2  they do not share any word selection, rhyme scheme, rhythm, meter, or any other

3  element.

4  　　　　No ordinary, reasonable audience would find that the defendants took something

5  belonging to the Plaintiff or find the works substantially similar in "total concept and

6  feel."  *Gold Glove Prods., LLC*, 648 F. App'x at 680.  Accordingly, Plaintiff has not

7  pointed (and cannot point) to any element of Grenade that is substantially similar to

8  any protectable expression found in Cry.  These are two entirely different songs.

9  Plaintiff's claim should be dismissed.

10 **II.   PLAINTIFF ADVANCES THE WRONG TEST**
11 **　　　FOR DETERMINING SUBSTANTIAL SIMILARITY**

12 　　　　In his Opposition, Plaintiff repeatedly misstates the manner in which courts may

13 determine that two works lack substantial similarity by suggesting that this Court

14 cannot conduct a side-by-side comparison of the Grenade and Cry lyrics or a

15 comparison of the works' "external criteria" (*i.e.*, their lyrics).  *See* Opp. MML at 2:11-

16 20, 5:20-26, 10:2-8, 12:19-24.[6]  He is wrong: the Ninth Circuit has repeatedly

17 approved the use of side-by-side comparisons when determining substantial similarity,

18 including on Rule 12 motions to dismiss, and this Court regularly engages in such

19 comparisons.  *See e.g.*, *White*, 572 F. App'x at 476-77 (affirming motion to dismiss);

20 *Christianson v. West Publ'g. Co*, 149 F.2d 202, 203 (9th Cir. 1945) ("There is ample

21 authority for holding that when the copyrighted work and the alleged infringement are

22 _____

23 [6] Citing *Sid & Marty Krofft Television Prods., Inc. v. McDonald's Corp.*, 562 F.2d
   1157 (9th Cir. 1977), Plaintiff also claims that the extrinsic component of the
24 substantial similarity test focuses on "substantial similarity in ideas" alone.  *See* Opp.
   MML 9:7-10; *see also id.* at 2:11-13.  However, *Krofft* is no longer the applicable
25 standard in the Ninth Circuit.  When applying the extrinsic analysis, courts now look to
   how the ideas are *expressed*, and not just the ideas alone, as Plaintiff would have it.
26 *See Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1475 (9th Cir. 1992);
27 *Apple Computer, Inc. v. Microsoft Corp.*, 35 F.3d 1435, 1442-43 (9th Cir. 1994);
28 *Chase-Riboud v. Dreamworks, Inc.*, 987 F. Supp. 1222, 1226 (C.D. Cal. 1997).

both before the court, capable of examination and comparison, non-infringement can be determined on a motion to dismiss."); *DuckHole Inc. v. NBC Universal Media LLC*, No. CV 12–10077 BRO (CWx), 2013 WL 5797279, at \*5 (C.D. Cal. Sept. 6, 2013); *Zella v. E.W. Scripps Co.*, 529 F. Supp. 2d 1124 (C.D. Cal. 2007).[7]

Indeed, in the authorities cited by Plaintiff, the court either performs a detailed comparison of the works at issue or expressly endorses such an approach. *See Berkic v. Crichton*, 761 F.2d 1289, 1293 (9th Cir. 1985) (explaining that, for works of fiction, "[t]he extrinsic test *requires* a comparison of plot, theme, dialogue, mood, setting, pace, and sequence," and comparing the two works' plot, setting, and character relationships) (emphasis added) (quotation marks omitted); *Krofft*, 562 F.2d at 1164 (explaining that the extrinsic component may involve "analytic dissection" of "specific criteria which can be listed and analyzed"); *Twentieth Century-Fox Film Corp. v. Stonesifer*, 140 F.2d 579, 582-83 (9th Cir. 1944) (comparing characters, character relationships, plot, events within specific scenes, location, dialogue, and visuals in the plaintiff's and the defendants' works); *Fisher-Price, Inc. v. Well-Made Toy Mfg. Corp.*, 25 F.3d 119 (2d Cir. 1994) (determining substantial similarity based on the look of the faces, head shapes, hair, and body types of the plaintiff's and defendant's dolls); *Peter Pan Fabrics, Inc. v. Martin Weiner Corp.*, 274 F.2d 487, 489 (2d Cir. 1960) (comparing the colors, symbols, patterns, and other visual elements used in the plaintiff's and defendant's ornamental designs); *FASA Corp. v. Playmates Toys, Inc.*, 912 F. Supp. 1124, 1157-62, 1167-70 (N.D. Ill. 1996) (finding no substantial similarity based on differences in plot, visual design, characters, tone, and target audience

---

[7] Plaintiff himself also repeatedly invites the Court to perform a side-by-side comparison of the two works. *See* Opp. MML at 2:7-11, 7:18-19, 12:25-13:1; *see also* Declaration of Johnathon J. Puckett (docket no. 34) at 3:9-14, Affidavit in Support of Reply to Motion to Dismiss Complaint (docket no. 34) at ¶¶ 4-6.

1   between the defendant's toys and the plaintiff's copyrighted figure sketches).[8]

2   **III.   PLAINTIFF'S REMAINING ARGUMENTS SHOULD BE REJECTED**

3           Plaintiff's remaining arguments are without merit.

4           First, Plaintiff argues that Cry as a whole is an original work that qualifies for

5   copyright protection and that he has registered the lyrics for Cry with the U.S.

6   Copyright Office. *See, e.g.,* Opp. MML at 1:23-2:6; 11:6-23.  The protectability of Cry

7   as a whole and Plaintiff's registration of Cry's lyrics are not at issue — the Motion

8   presumes them to be true.  However, Plaintiff's Opposition fails to present any

9   authority suggesting that "I would die for you baby" and "but you didn't do the same"

10   specifically, notwithstanding their brevity, are sufficiently original so as to merit

11   protection.  Indeed, as the Motion explains, those phrases are totally *unoriginal* and,

12   moreover, flow naturally from the generic premise of unrequited love.  *See* Motion at

13   11-12; *see also* Farkas Decl. Ex. 2 (Docket no. 29).

14           Second, Plaintiff suggests that he has sued Atlantic Records under California's

15   unfair competition laws as well as U.S. Copyright Law.  *See* Opp. MML at 3:19-20.

16   While the Complaint seeks, among other relief, "Damages for unfair competition and

17   unfair trade practices," *see* Complaint at Prayer for Relief ¶ 6, it does not actually

18   assert an unfair competition or unfair trade practices claim.  Regardless, as explained in

19   the Motion, such claims would be preempted by the Copyright Act.  Motion at 18 n.9.

20   Plaintiff never addresses the preemption issue in his opposition papers.

21

22   [8] Plaintiff suggests that *FASA Corp.*, which was decided by the District Court of the

23   Northern District of Illinois, establishes that side-by-side comparisons are "simplistic if
not improper."  *See* Opp. MML at 2:11-13; *see also* (Docket No. 37) (Declaration of

24   Jonathon J. Puckett) at ¶ 2.  *FASA Corp.* did not hold that a side-by-side comparison

25   was improper when determining whether two works are substantially similar; rather,
the section of the *FASA Corp.* decision to which Plaintiff refers holds that a side-by-

26   side comparison is inappropriate when deciding the copyrightability of a plaintiff's

27   work.  *See FASA Corp.*, 912 F. Supp. at 1147.  Notably, when it decided the issue of
substantial similarity, the *FASA Corp.* court engaged in an extensive comparison of the

28   plaintiff's and defendant's works.

Third, Plaintiff argues against dismissal on the basis of supposed material issues of disputed fact.  *See* Opp. MML at 5:26-6:2, 7:14-17, 7:22-8:8, 10:8-10.  In so doing, Plaintiff confuses the Motion with one for summary judgment.  Both cases that Plaintiff cites in support of this argument are decisions on motions for summary judgment, and in one of the two, the Ninth Circuit affirmed the district court's grant of summary judgment against the plaintiff based on its finding of no substantial similarity.  *See Litchfield v. Spielberg*, 736 F.2d 1352, 1356-57 (9th Cir. 1984) (affirming grant of summary judgment); *Walt Disney Prods. v. Filmation Assocs.*, 628 F. Supp. 871, 878 (C.D. Cal. 1986) (denying summary judgment on substantial similarity issue where the defendant had refused to respond to the plaintiff's discovery requests).  By contrast, the Motion is brought under Rule 12(b)(6); it assumes the truth of all matters asserted in the Complaint (for purposes of the motion only), including the lyrics of both songs as presented by Plaintiff.  Because Plaintiff's claim is premised solely on the lyrical content of Grenade and Cry, there is no dispute of fact, and the Court presently has before it all it needs to dismiss Plaintiff's claim.

Finally, Plaintiff argues that Atlantic Records must prove that Grenade was created independently, without copying Cry, and has failed to do so.  *See* Opp. MML at 6:19-21, 10:12-17.  Independent creation is an affirmative defense that a defendant may raise to rebut the presumption of copying that arises when a plaintiff has proven access and substantial similarity.  *See Bethea v. Burnett*, No. CV04-7690JFWPLAX, 2005 WL 1720631, at *15 (C.D. Cal. June 28, 2005).  Plaintiff has not proven access and substantial similarity—indeed, his pleading taken as true fails to show substantial similarity as a matter of law.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CONCLUSION

For the foregoing reasons, it is respectfully submitted that Atlantic Records' Motion should be granted and Plaintiff's Complaint should be dismissed in its entirety with prejudice, as no amendment or discovery will change the lyrical content of the two works at issue.

**PRYOR CASHMAN LLP**

Dated: December 5, 2016      By:     */s/ Ilene S. Farkas*

Ilene S. Farkas
*ifarkas@pryorcashman.com*
Michael J. Niborski
*mniborski@pryorcashman.com*

*Attorneys for Defendant*
ATLANTIC RECORDING CORPORATION