UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:16-cv-02199-SVW-AGR | Date | December 21, 2016 |
| Title | *Johnathon Puckett v. Peter Gene Hernandez; Atlantic Records* | | |

Present: The Honorable   STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** IN CHAMBERS ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [28]

## I.   Introduction

Plaintiff Johnathon Puckett ("Plaintiff") brings this action against Defendants Peter Gene Hernandez, more commonly known as Bruno Mars ("Mars") and Atlantic Records (collectively "Defendants") for copyright infringement under 17 U.S.C. § 101 *et seq.*   Complaint, Dkt. 1, ¶ 9 ("Complaint").   The Plaintiff claims that the Defendants copied certain themes and lyrics of his song "Cry" when they created the hit song "Grenade."   *Id.*

Presently before the Court is Defendants' Motion to Dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).   Dkt. 28.   For the reasons stated below, the Motion to Dismiss is GRANTED with prejudice.

## II.   Factual and Procedural Background

For the purposes of this Motion, the factual allegations contained in the Complaint must be taken as true.   Therefore, the summary of the facts of this case is taken from the Plaintiff's Complaint.

Plaintiff Johnathon Puckett is an aspiring musical artist and songwriter who is attempting to release an album with his original music.   The Defendants are Peter Gene Hernandez, commonly known as Bruno Mars in the music industry, who is a well-known recording artist, dancer, songwriter,

Initials of Preparer   PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-02199-SVW-AGR | Date | December 21, 2016 |
|---|---|---|---|
| Title | *Johnathon Puckett v. Peter Gene Hernandez; Atlantic Records* | | |

choreographer, and winner of multiple Grammy Awards; and Atlantic Records, the record company that releases Mars's albums and songs.

The *pro se* Plaintiff has brought a copyright infringement action against the Defendants, alleging that they released a hit song, entitled "Grenade," which infringed on the Plaintiff's rights because he had previously created a song entitled "Cry," which involved the same theme of unrequited love and contained two similar phrases in its chorus. The Plaintiff alleges that "Grenade," which was recorded by Mars and released by Atlantic Records, purposely copied his song "Cry," which the Defendants had access to because the Plaintiff had given them a copy when he thought that Atlantic Records would release his album. The Plaintiff alleges that Atlantic Records declined to represent him or release his music but instead gave his song to Mars in order to help create "Grenade."

The Plaintiff alleges that he wrote the lyrics to "Cry" in 2010 and applied for a copyright for the lyrics to the song. This copyright application, attached to the Complaint, included a copyright claim to the lyrics but not to any music accompanying the lyrics. The Plaintiff alleges that a production and distribution company indicated interest in the Plaintiff as a recording artist and suggested it would consider producing an album by the Plaintiff if he could find a reputable executive producer. As a result, the Plaintiff contacted Atlantic Records and allegedly met with representatives in January of 2010. He did not include the names of any individuals that he met with or communicated with regarding the album in his original Complaint, but in his Opposition to the Motion he states that this person was Brandon Creed, who introduced himself as a Talent Manager for Atlantic Records. He alleges that he played some of his songs for Atlantic Records and provided a compact disc to Mr. Creed, which included "Cry."

The Plaintiff then alleges that Atlantic Records expressed interest in the Plaintiff but wanted the other production company to fund the album. The funding never materialized and so the project never proceeded. Then, thirteen months later, Mars released "Grenade," which the Plaintiff characterizes as Mars's version of "Cry." The Plaintiff alleges that Mars gained access to "Cry" through his relationship with Atlantic Records.

The Plaintiff alleges that both "Cry" and "Grenade" share the same theme, namely that they are about how the singer would give anything in his power to his one love only to never have those acts of love reciprocated. Specifically, the choruses of the songs contain certain similar lyrics. Plaintiff's song "Cry" includes the lyrics, "I would die for you baby but you don't feel me/I gave you my heart, but

:

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-02199-SVW-AGR | Date | December 21, 2016 |
|---|---|---|---|
| Title | *Johnathon Puckett v. Peter Gene Hernandez; Atlantic Records* | | |

you didn't do the same" while "Grenade" says, "I would die for you, baby, but you won't do the same."

"Grenade" was commercially extremely successful and became the number one single on the Billboard Hot 100 Chart, among other accolades and achievements. It sold over 1 million copies. The Plaintiff alleges that "Grenade" infringes on his copyright for the lyrics of "Cry." The lyrics of the two songs are substantially similar, and as a result the Plaintiff requests relief against both Defendants, including an injunction against selling "Grenade" and damages for the harm suffered by the Plaintiff.

Currently before the Court is the Motion to Dismiss of Defendant Atlantic Records.[1] Atlantic Records argues that the lyrics of the two songs are so dissimilar that this Court should find as a matter of law that no copyright infringement occurred. Because nobody can copyright an idea, such as unrequited love or the willingness to do anything for a lover, the Plaintiff's claim relies on the similarity between the lyrics of the songs. Since the lyrics are not sufficiently similar, the Defendant argues that the Plaintiff's case should be dismissed with prejudice under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

### III. Legal Standard

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the claims stated in the complaint. *See* Fed. R. Civ. Proc. 12(b)(6). To survive a motion to dismiss, the plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.*; *see also Moss v. U.S. Secret Service*, 572 F. 3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party." *Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.*, 768 F. 3d 938, 945 (9th Cir. 2014). Thus, "[w]hile legal conclusions can provide the complaint's framework, they must be supported by factual allegations.

---

[1] Bruno Mars has not been served with a copy of the summons and Complaint and therefore has not appeared in this action.

Initials of Preparer    PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-02199-SVW-AGR | Date | December 21, 2016 |
|---|---|---|---|
| Title | *Johnathon Puckett v. Peter Gene Hernandez; Atlantic Records* | | |

When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

Where a complaint is dismissed, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Sharkey v. O'Neal*, 778 F. 3d 767, 774 (9th Cir. 2015) (abuse of discretion to not apply *Foman* factors).

**IV.     Analysis**

The Court now finds as a matter of law that no copyright infringement occurred in this case. Although the two songs in question arguably have the same theme of unrequited love and being willing to do anything for one's lover when she would not do the same, the two expressions of that theme are not substantially similar. Aside from the general theme, the two songs only share two short lines of lyrics that are even remotely similar, and those two lines do not even appear together in the original song "Cry." None of the other lyrics or expressions in the two works share even a passing similarity with each other, and the Plaintiff is not able to point to any other instances in which "Grenade" can be said to have copied the expressive content of "Cry." As the two arguably similar lines are made up of short, ordinary expressions, they are not copyrightable. Therefore, even if the lyrics of "Cry" as a whole are copyrightable, which the Court assumes for the purposes of this motion, the lines that form the only possible similarity between the two songs are not. As a result, "Grenade" did not infringe on the Plaintiff's copyright for the lyrics of "Cry," and the Complaint must be dismissed.

As a preliminary matter, in deciding this Motion to Dismiss, the Court may consider the pleadings, exhibits attached to the Complaint, and other materials integral to the Complaint. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007). As the Plaintiff has attached the full lyrics to both "Cry" and "Grenade" to his Complaint, the Court can consider the similarities between the lyrics at the pleading stage and decide if the Defendants could have plausibly infringed on the Plaintiff's copyright, assuming all of the other factual allegations of the Plaintiff to be true. Therefore, this Court

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-02199-SVW-AGR | Date | December 21, 2016 |
|---|---|---|---|
| Title | *Johnathon Puckett v. Peter Gene Hernandez; Atlantic Records* | | |

finds that the determination of similarity between the two works is appropriate at the motion to dismiss stage, as no evidence outside of the lyrics themselves is necessary for the Court to make a ruling.[2]

     First, to the extent that the two songs share a similar theme of unrequited love and being willing to do anything for a romantic partner that does not return such devotion, themes are not protectable as a matter of law. The Copyright Act states, "In no case does copyright protection for an original work of authorship extend to any *idea*, procedure, process, system, method of operation, *concept*, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work." 17 U.S.C. § 102(b) (emphasis added). As a result, the idea of a man who has given everything to a woman only for the woman to not return the same feelings or sacrifices cannot be validly copyrighted. Instead, only the expression of that idea is properly copyrightable.

     Therefore, the Court must look to the actual expression of that idea in the two songs to see if the lyrics of "Grenade" copy the lyrics of "Cry" to such an extent that "Grenade" violated the Plaintiff's copyright for "Cry." The specific lyrics used in the two songs constitute the expression of the ideas behind those songs.[3] Thus, any copyright violation that occurred must be found in the songs' lyrics.

     A plaintiff bringing a claim for copyright infringement must sufficiently allege: 1) ownership of a valid copyright, and 2) copying of constituent elements of the work that are original. *Feist Pubs., Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). The Plaintiff's ownership of a valid copyright is assumed for the purposes of this motion. Therefore, the question before this Court is whether the Plaintiff has sufficiently stated a claim that the Defendants copied the "constituent elements of the work that are original." *Id.* As there are no allegations of direct copying of the work, the Plaintiff must show that: 1) the Defendants had access to the Plaintiff's work; and 2) the two works were substantially similar. *See, e.g., Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 481 (9th Cir. 2000). Again, since the Plaintiff has properly alleged access and it must be assumed true for the purposes of this motion, the only question for the Court to consider is whether any original elements of the works are "substantially similar."

---

[2] The Court declines to take judicial notice of the song title search results from the Copyright Office's database submitted by the Defendants, as that is the type of evidence best left to a summary judgment proceeding. However, such evidence is not necessary for the resolution of the present Motion to Dismiss.

[3] The Plaintiff's copyright application explicitly included a copyright claim only for the lyrics of "Cry," not for any accompanying music. Therefore, his infringement claim must only involve the lyrics of "Grenade" and how they are substantially similar to the lyrics of "Cry."

Initials of Preparer     PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-02199-SVW-AGR | Date | December 21, 2016 |
|---|---|---|---|
| Title | *Johnathon Puckett v. Peter Gene Hernandez; Atlantic Records* | | |

    The test for substantial similarity in the Ninth Circuit contains both an "extrinsic" and an "intrinsic" component. The extrinsic component compares "specific criteria which can be listed and analyzed" to determine whether the works are substantially similar. *Funky Films, Inc. v. Time Warner Entm't Co.*, L.P., 462 F.3d 1072, 1077 (9th Cir. 2006). The intrinsic component examines an ordinary person's subjective impressions of the similarities between the two works. *Id.* The Court may apply the extrinsic test,[4] while the subjective intrinsic test is exclusively left to the jury. *Id.* Therefore, the Court will evaluate whether the Plaintiff has plausibly alleged that the specific criteria of the two works which can be listed and analyzed (i.e., the lyrics) are substantially similar.

    The Plaintiff's first argument of substantial similarity is that the two songs as a whole are similar, in that they are similar expressions of the same idea. Specifically, both songs are about "[h]ow one would give his all to one's love only to never have one's acts of love never (sic) reciprocated." Complaint, ¶ 30. However, as discussed above, the Plaintiff cannot copyright the idea of not having one's acts of love reciprocated. Therefore, the Court must look at the specific expression of that idea contained in the lyrics of the two songs.

    The Court finds that the songs as a whole are not substantially similar. While arguably they involve the same idea of expressing one's love but not having those actions and feelings reciprocated, the expressions of that idea are clearly quite different. The Plaintiff's song "Cry" involves a man and his wife or fiancé. Although the singer loved the woman, she did not return his love and even had an affair with another man. After feeling intense pain, the singer moved on and found another person to love, while the original lover is the one left in pain. The song is mostly literal in describing the singer's feelings, the actions taken by his love interest, and how he eventually started a new life with another woman. "Grenade," on the other hand, is not substantially similar. While the song also begins with a singer who is deeply in love with a woman, it does not progress in the same way. There is no mention of an affair, which was a central theme of "Cry." In fact, most of the song is a symbolic expression of

---

[4] While the extrinsic test is usually applied at the summary judgment stage, *see, e.g., Funky Films*, 462 F.3d at 1077, the Court finds it appropriate in this case to apply the test at the motion to dismiss stage. For the purposes of this motion, the validity of the Plaintiff's copyright and the Defendants' "access" to the copyrighted work are assumed. Therefore, the only question before the Court is whether the works are "substantially similar." The Court's analysis of similarity is based exclusively on the lyrics of the two songs, as the lyrics are the only copyrightable material the Plaintiff claims was copied. As the lyrics of the songs were attached to the Complaint and therefore are properly before this Court for the purposes of the Motion to Dismiss, the Court finds it appropriate to rule on substantial similarity at the pleading stage.

                                                                                           :

Initials of Preparer      PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-02199-SVW-AGR | Date | December 21, 2016 |
|---|---|---|---|
| Title | *Johnathon Puckett v. Peter Gene Hernandez; Atlantic Records* | | |

what the singer would do for his partner and the ways in which his partner did not appreciate his love. There are few, if any, references to actual events, as there were in "Cry." Importantly, the endings of the songs are completely different. "Cry" ends with the singer moving past his original partner, making it clear he would no longer do the things for her that he used to, as he has found a new partner with whom he will have a child and will eventually marry. "Grenade," on the other hand, ends with the singer proclaiming that despite all of the ways in which the woman has mistreated him, he would still do anything for her. He has not moved on at all and is still very much in love with her, which is in fact the opposite ending of "Cry." As a result, the Court concludes that the songs as a whole do not plausibly present a claim of substantial similarity, even making all plausible inferences in favor of the Plaintiff. The songs just simply are quite different, apart from their most basic theme of unrequited love.

While the songs as a whole do not sufficiently allege substantial similarity, there are two specific lyrics that are arguably similar. "Cry" includes the lyrics "I would die for you baby but you don't feel me/I gave you my heart/ But you didn't do the same," while "Grenade" includes the lyrics "I would die for you, baby/But you won't do the same." Complaint, Exhs. B, C. While both songs include similar expressions of "I would die for you baby" and "You won't/didn't do the same" the Court holds that these lyrics cannot sustain a finding of substantial similarity that would constitute a plausible claim for copyright infringement. For one, while these two short lines appear together in "Grenade," they do not appear together in "Cry." When Cry uses the phrase "you didn't do the same," it is in the context of the singer giving his lover his heart, not in the context of being willing to die for another person, which is the context in which it is used in "Grenade."

Therefore, the Plaintiff's only claim for copyright infringement can be for the individual lines themselves. But those lines are common phrases that do not possess the requisite originality to be copyrightable. Saying "I would die for you" is a common way of emphasizing the extreme lengths to which one would go for another person, and is used in countless movies and songs, not to mention everyday conversations. The phrase "You won't do the same" is so common that it hardly requires explanation. Neither of these phrases possesses the requisite originality or uniqueness to qualify for copyright protection. They are simply common phrases that each songwriter chose to use to express what they would do for their romantic interest and how she would not do those things. The Plaintiff cannot claim to own such phrases, as ordinary or commonly used phrases are not entitled to copyright protection. *See Narell v. Freeman*, 872 F.2d 907, 911 (9th Cir. 1989). As a result, the two phrases cannot be the basis for a claim for copyright infringement, even assuming that the other factual allegations contained in the Complaint are true. Thus, as the Plaintiff has failed to plausibly state a

:

Initials of Preparer    PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-02199-SVW-AGR | Date | December 21, 2016 |
|---|---|---|---|
| Title | *Johnathon Puckett v. Peter Gene Hernandez; Atlantic Records* | | |

claim for copyright infringement based on the lyrics of "Grenade," the Motion to Dismiss must be granted.

The Court has received and considered the Plaintiff's opposition to the Motion to Dismiss. First of all, the Court notes that the *pro se* Plaintiff has submitted a thoughtful and well-written response, and the Court commends the Plaintiff for representing himself and his position well. Unfortunately, the songs simply are not similar enough to constitute copyright infringement, and therefore the Court must dismiss the Plaintiff's Complaint. The arguments the Plaintiff presents on his own behalf, while admirably stated, do not address the central points of the Defendants' motion. For instance, the Plaintiff argues at length why "Cry" is an original song that deserves copyright protection. While that may very well be true, the Defendants' arguments regarding originality and copyright protection relate specifically to the two lines that the songs had in common, "I would die for you baby" and "You won't do the same." Those two lines are not sufficiently original to receive protection. While "Cry" does appear to be an original song that would potentially receive copyright protection in its entirety, the songs as a whole were not similar enough to constitute infringement. That is what the Defendant meant by claims of unoriginality, and it is the reason why the Plaintiff has not sufficiently stated a claim for copyright infringement.

While the Plaintiff's particular expression of unrequited love through the lyrics of "Cry" does appear original and attributable to the Plaintiff, "Grenade" simply is not similar in its own specific expression of that idea. The Plaintiff argues forcefully that a jury would believe the two songs to be similar. However, the only similarity is in the idea that a person in love would do anything for another person even if the object of that affection would not return those acts or feelings. The Plaintiff cannot point to specific lyrics, other than the ones listed above, which would qualify as substantially similar expressions of that underlying idea. That distinction is what underlies copyright protection, and it is for that reason that the Plaintiff's claim must be dismissed.

Second, the Plaintiff argues that the Defendants have not submitted evidence of independent creation, while he has submitted evidence that the Defendants had access to his work. Both of these statements are true, but they are not relevant to this motion. The Defendants' access is assumed true for the purposes of this motion, as such facts have been properly alleged. However, the Plaintiff must still properly allege substantial similarity in order to succeed on a copyright claim, which the Plaintiff has not done as described in the Court's analysis of the songs' lyrics. The lack of substantial similarity is the sole reason for the insufficiency of the Complaint, not any defect in the allegations involving

:

Initials of Preparer     PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-02199-SVW-AGR | Date | December 21, 2016 |
|---|---|---|---|
| Title | *Johnathon Puckett v. Peter Gene Hernandez; Atlantic Records* | | |

access. Second, the Defendants do not have to submit any evidence of independent creation at this stage, and indeed it would be improper for the Court to consider such evidence with this motion. Independent creation is an affirmative defense that only becomes relevant if the Plaintiff has established a facially sufficient case for copyright infringement, including access and substantial similarity. Again, as the Plaintiff has not shown a plausible claim for substantial similarity, independent creation does not come into play. Therefore, the Defendants need not make a showing of independent creation for the purposes of this motion.

Third, the Plaintiff argues that a side-by-side comparison of the two songs is improper. However, it is unclear what comparison the Plaintiff suggests the Court should apply. The Court analyzed whether the two songs are similar as a whole, but in order to analyze whether the specific expressions of the songs are substantially similar, a comparison of specific lyrics is absolutely necessary. This is particularly true when the copyrighted work is exclusively composed of song lyrics, as the only thing that can be copyrighted are the words themselves. Further, such a comparison is appropriate on a motion to dismiss based on Rule 12(b)(6). *See Christianson v. West Publ'g. Co.*, 149 F.2d 202, 203 (9th Cir. 1945) (stating that a court may engage in a side-by-side comparison and dispose of a copyright infringement case when the copyrighted work and alleged infringement are both before the court). Therefore, the Plaintiff is not correct to suggest that a side-by-side comparison would be inappropriate, as indeed it is the only way to compare the similarity of the two songs' lyrics.

Finally, the Plaintiff argues that his claim should survive a motion to dismiss because there are disputed issues of material fact. However, such a standard is only appropriate on summary judgment. For the purposes of this motion, all disputes of material fact are resolved in the Plaintiff's favor, and all plausible inferences must also be made in his favor. However, the only relevant facts and factual allegations to the Court's analysis above are the song lyrics themselves. For that reason, there are no disputes regarding the material facts or even the factual allegations, as the lyrics of the songs speak for themselves. Therefore, none of the Plaintiff's arguments are valid reasons that would prevent this Court from granting the Motion to Dismiss.

While normally a motion to dismiss would be granted without prejudice at this stage, a Complaint may be dismissed with prejudice if amendment is futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). In this case, allowing amendment would clearly be futile. The Plaintiff's Complaint and the Court's analysis of the sufficiency of the Complaint are based wholly on the lyrics of the two songs in question. The Court has not found any of the Plaintiff's accompanying factual allegations deficient

:

Initials of Preparer   PMC

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-02199-SVW-AGR | Date | December 21, 2016 |
|---|---|---|---|
| Title | *Johnathon Puckett v. Peter Gene Hernandez; Atlantic Records* | | |

in any way. Therefore, allowing the Plaintiff to amend his Complaint would clearly be futile, as no proper amendment would change the lyrics at issue in this case, and no other amendment would affect the Court's analysis. As the Court has found that the Plaintiff has not sufficiently stated a claim that the allegedly infringing lyrics of the Defendants' song are substantially similar to the Plaintiff's song, the Plaintiff has not sufficiently stated a claim for copyright infringement under Rule 12(b)(6). As a result, the Defendants' Motion to Dismiss is GRANTED with prejudice.

V.  **Order**

For the aforementioned reasons, the Motion to Dismiss is GRANTED *with prejudice*. The prevailing party shall submit a proposed judgment consistent with this order.

IT IS SO ORDERED.

:

Initials of Preparer

PMC